PATTERSON, P. J., INGRAHAM, CLARKE and LAMBERT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER MARKOWITZ, Appellant.

First Department, June 7, 1907.

Crime — disorderly conduct in attempting to board train without ticket — arrest without warrant — right to counsel.

An attempt to board a subway train by rushing by the guard without buying a ticket and depositing it in the box is disorderly conduct under section 675 of the Penal Code.

When a person is seized in the act of committing a crime and immediately taken before the court there is no necessity for a warrant.

A judgment of conviction will not be reversed on the ground that the court did not inform the defendant of his right to counsel when it appears that he was represented by counsel at trial.

APPEAL by the defendant, Peter Markowitz, from a judgment of the Court of Special Sessions in and for the city of New York, first division, Children's Part, rendered on the 15th day of December, 1906.

*Max Schleimer*, for the appellant.

*E. Crosby Kindleberger*, for the respondent.

McLAUGHLIN, J.:

The defendant, a lad under sixteen years of age, was convicted of disorderly conduct under section 675 of the Penal Code, for which a fine of two dollars was imposed, and in default of payment, imprisonment not exceeding two days.

At the time of his arrest the defendant, in company with forty or fifty other boys of similar age, undertook to board a train in the subway at Bleecker street — without buying a ticket and depositing the same in the box — by rushing by the guard. Five or six of them, including the defendant, were arrested and immediately taken before the Court of Special Sessions (Children's Part) and a trial had, which resulted in the conviction of the defendant.

The act of the defendant constituted disorderly conduct under the section of the Code referred to, and the evidence is sufficient to sustain the conviction. The appellant contends that the evidence is not sufficient to connect him with the other boys, but the testimony of the People's witness, Lehnhoff, when read in connection with defendant's own testimony, is amply sufficient. Lehnhoff testified that at the time in question he saw the defendant pushing "by the box," and when he got by he "grabbed him." Defendant himself testified that the person who arrested him was Lehnhoff. Appellant also contends that the court did not acquire jurisdiction because a warrant was not issued. A warrant is for the purpose of apprehending and bringing before the court the person charged with the commission of a crime, and when such person is seized by an officer while in the act of committing the crime, and immediately taken

before the court, there is no necessity for a warrant. The person is *before the court*, and that is all that is necessary to give it jurisdiction.

It is also claimed that the judgment is erroneous because the court did not inform the defendant of his right to counsel. It is true this does not specifically appear, but it does appear that the defendant had counsel who made a motion at the close of the People's case that he be acquitted. His rights were fully protected, and there are no errors which call for a reversal of the judgment.

It follows that the judgment should be affirmed.

PATTERSON, P. J., INGRAHAM, CLARKE and LAMBERT, JJ., concurred.

Judgment affirmed.